IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TOBY KITTRELL, | CV 22-196-M-DLC |
| Plaintiff, | |
| vs. | ORDER |
| PROBATION OFFICER KATE DARNELL, PROBATION OFFICER TARA KATTELL, DEPUTY COUNTY ATTORNEY RYAN MICKELSON, DISTRICT JUDGE JASON MARKS, | |
| Defendants. | |

Plaintiff Toby Kittrell filed a Complaint generally alleging the Defendants violated his civil rights in conjunction with his probation revocation proceedings and state court sentencing. (Doc. 2 at 3-4.) Mr. Kittrell seeks leave of the Court to proceed in forma pauperis. (Doc. 1.)

As explained below, because Mr. Kittrell's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), and he seeks relief from Defendants who are immune, he fails to state a federal claim for relief. The Complaint will be dismissed.

**I.     Motion to Proceed in Forma Pauperis**

Mr. Kittrell has filed a motion to proceed in forma pauperis which the Court finds sufficient to make the requisite showing. See, 28 U.S.C. § 1915(a).

1

Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Mr. Kittrell must pay the statutory $350.00 filing fee. 28 U.S.C. § 1915(b)(1). Mr. Kittrell has insufficient funds to pay an initial partial filing fee but will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2).  By separate order, the agency having custody of Mr. Kittrell will be directed to forward payments from Mr. Kittrell's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.  Screening Analysis

Mr. Kittrell is a prisoner proceeding in forma pauperis so the Court must review his Complaint. *See* 28 U.S.C. § 1915 and § 1915A.  These provisions require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Sections 1915A(b) and 1915(e)(2)(B).

On August 3, 2022, Mr. Kittrell apparently appeared before Montana District Court Judge Jason Marks.  (Doc. 2 at 5.)  At that time his 10-year

suspended sentence was revoked and he received a new 10-year sentence with 5 of the years suspended. (*Id*. at 5.) Mr. Kittrell claims that Probation Officer Darnell provided false testimony during the hearing and that Deputy County Attorney Mickelson failed to present any evidence in support of the revocation. (*Id*. at 5) Mr. Kittrell further claims Probation Officer Kattell attempted to make him quit his job, leave his support system, and become homeless. Mr. Kittrell asserts Judge Marks found him in violation of the terms of his probation without any evidentiary support and without allowing Mr. Kittrell to present evidence on his own behalf. (*Id*.) Mr. Kittrell claims Judge Marks told him he was "lucky" he was not sending him to prison for the full 10-years. (*Id*.)

Mr. Kittrell asks this Court to overturn his conviction and award him $500,000 in compensatory damages for the wrongful conviction, in addition to $64,000 for lost wages and future lost income. (*Id*.)

Mr. Kittrell's claims are barred by *Heck v. Humphrey*. *See* 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment in favor of a plaintiff in a civil-rights action would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Id*. at 486-87; *see also Smith v. City of Hemet*, 394 F. 3d 689, 695 (9th Cir. 2005)(en banc)("*Heck* says that 'if a criminal conviction arising out of the same facts stands and is

fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'"(citation omitted)). Thus, the "relevant question" in a § 1983 suit is whether success would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." *Smith*, 394 F. 3d at 695 (quoting *Heck*, 512 U.S. at 487).

Mr. Kittrells's claims that his constitutional rights were violated during the course of his probation revocation proceedings would necessarily imply the invalidity of his conviction and sentence and are therefore barred by *Heck*. *See also Baskett v. Papini*, 245 Fed. Appx. 677, 678 (2007)(affirming dismissal of section 1983 action as *Heck*-barred because prisoner's allegations necessarily called into question the validity of the probation revocation).

Additionally, Mr. Kittrell fails to state a claim against either Judge Marks or Deputy County Attorney Mickelson, as each are entitled to immunity. Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case unless the judge acts outside of the judge's judicial capacity or in the complete absence of all jurisdiction. *Simmons v. Sacramento County Superior Court*, 318 F. 3d 1156, 1161 (9th Cir. 2003). Judge Marks' revocation of Mr. Kittrell's probation is "unquestionably a judicial act." *See Simmons*, 318 F. 3d at 1161; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Accordingly, Judge Marks is entitled to judicial immunity.

Prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).  This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent.  *Broam v. Bogan*, 320 F. 3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F. 3d 630, 637 (9th Cir. 2005).  Prosecutors are absolutely immune from suit when they function as advocates.  *Imbler*, 424 U.S. at 430-31.  Therefore, any actions Mr. Mickelson may have taken in relation to Mr. Kittrell's revocation proceedings were intimately associated with the judicial phase of the criminal process.  Mr. Mickelson is entitled to prosecutorial immunity.

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by

5

amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Mr. Kittrell has failed to state a claim upon which relief may be granted; his claims are barred by *Heck* and two of the named defendants are entitled to absolute immunity. These defects could not be cured by amendment; leave to amend would be futile. This matter will be dismissed.

### III. "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g). Mr. Kittrell has failed to state a claim upon which relief may be granted and his pleadings are frivolous and present an "obvious bar to securing relief." *Washington v. Los Angeles County Sheriff's Department*, 833 F.3d 1048, 1055 (9th Cir. 2016)(*quoting ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)). The dismissal of this case will constitute a strike. *See* 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

### ORDER

1. Mr. Kittrell's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, the Court certifies that any appeal of this decision would not be taken in good faith.

4. The Clerk of Court is directed to have the docket reflect, pursuant to 28 U.S.C. § 1915(g), that this dismissal counts as a strike because the Complaint fails to state a federal claim upon which relief may be granted.

DATED this 21st day of December, 2022.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge